**JOHN DOE COMPANY, Plaintiff,**

v.

**CONSUMER FINANCIAL PROTECTION BUREAU, et al., Defendants.**

Case: 1:17–cv–00049

United States District Court, District of Columbia.

Signed 01/10/2017

---

See also 235 F.Supp.3d 194.

Christopher John Deal, Steven Y. Bressler, Kevin E. Friedl, Office of General Counsel, Consumer Financial Protection Bureau, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

BERYL A. HOWELL, Chief Judge

The plaintiff, John Doe Company, has moved to proceed under a pseudonym, Pl.'s Mot. To Proceed Under Pseudonym ("Pl.'s Mot."), at 1, in its instant lawsuit seeking to enjoin the Consumer Financial Protection Bureau and its Director (the "Director") (col-

lectively, the "CFPB") from, among other things, publicizing its investigation of the plaintiff and taking "any action adverse to Plaintiff unless and until the Bureau is constitutionally structured," Pl.'s Mot. for Temporary Restraining Order and Preliminary Injunction and Certification Under LCvR 65.1(a), at 1. For the reasons set forth below, the Court will grant the plaintiff's motion to proceed under a pseudonym, subject to any further consideration by the United States District Judge to whom this case is ultimately assigned.[1]

## I. BACKGROUND

The plaintiff is a business organized under the laws of the State of California with its principal place of business in Manila, Philippines. Compl. ¶ 10. According to the Complaint, the plaintiff purchases income streams from individuals who "receive periodic payments from a pension or similar source and who wish to sell portion of the income streams derived from those payments." *Id.* ¶ 16. By purchasing these income streams at a discount rate, the plaintiff can then sell those same income streams at a profit to individuals who may wish to buy the right to receive the income stream for a "fixed period, usually five or ten years." *Id.* ¶ 17.

On November 23, 2015, the CFPB served a Civil Investigative Demand (the "CID") on the plaintiff requiring the plaintiff to respond to nine interrogatories, file two written reports, and produce documents. Compl. ¶¶ 53–54. The CFPB refused the plaintiff's request that the CID be withdrawn and subsequently denied the plaintiff's petition to the Director to set aside the CID, apparently rejecting the plaintiff's arguments that the CID should be withdrawn because the CFPB has an "unconstitutional structure" and "the CID does not relate to a consumer financial product or service and fails to seek information relevant to a legitimate purpose." *Id.* ¶¶ 55–56; *see also* Pl.'s Compl., Ex. E (Pl.'s Pet. Set Aside or Modify CID), at 4. In denying the plaintiff's petition, on Friday, January 6, 2017, the CFPB also notified the plaintiff that the petition to the Director would, con-

---

1. Matters arising in civil proceedings in cases not yet assigned to a Judge of this Court are determined by the Motions Judge, which the undersigned is at present. D.D.C. LCvR 40.8(b)(1).

trary to the plaintiff's request, be made available the public on the CFPB's website on or after January 13, 2017. Compl. ¶ 57; *see also* Pl.'s Compl., Ex. F. (E-mail from CFPB to the Plaintiff (Jan. 6, 2017)).

Three days later, the plaintiff presented this action to the Clerk's Office, seeking to proceed under a pseudonym while litigating its application to enjoin the CFPB from publicizing the investigation of, and taking any action adverse to, the plaintiff. *See* Pl.'s Mem. Supp. Pl.'s Mot. To Proceed Under Pseudonym ("Pl.'s Mem.") at 3. The plaintiff argues it "should be able to proceed under a pseudonym because its privacy interests outweigh the public's interest in knowing Plaintiff's identity and the Bureau's interest in revealing that identity." Pl.'s Mem., at 3.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties;"); D.D.C. LOCAL CIVIL RULE 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party" and "Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Employers v. Chao ("Chao")*, 587 F.Supp.2d 90, 99 (D.D.C. 2008).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*John Doe, et al. v. CFPB*, No. 15–1177, 2015 WL 6317031 (*"John Doe I"*), at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. D.C.*, No. 16-CV-806, 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F.Supp.3d 89, 96 (D.D.C. 2015); *Doe v. United States Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 4–5 (D.D.C. 2014); *Yaman v. U.S. Dep't of State*, 786 F.Supp.2d 148, 151–53 (D.D.C. 2011); *Doe v. Von Eschenbach*, Civil No. 06-2131 (RMC), 2007 WL 1848013, at *1–2 (D.D.C. June 27, 2007).

In an analogous case, also involving a business seeking anonymity in its lawsuit against

the CFPB, a Judge of this Court applied the *Hubbard* factors, reasoning that the *Chao* factors did not "add in material respects to the inquiry relevant" in the case. *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau* ("*John Doe II*"), 195 F.Supp.3d 9, 16 (D.D.C. 2016). For example, the "risk of retaliatory physical or mental harm" to the movant or a third party, or the age of the movant, are inapplicable in a case concerning a business, as opposed to a natural person in cases such as those "involving sensitive medical information or a threat of physical attack." *Id.* This Court agrees. The *Chao* factors are a "poor fit for a case in which a movant is a business . . . that seeks to avoid grave reputational and financial injury." *Id.*

In *John Doe II*, the Court reasoned that the *Chao* and *Hubbard* factors weigh the same two general concerns: (1) "the strength of the generalized property and privacy interests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21;1 and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *John Doe II*, the Court determined that "the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *John Doe II* at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted,'" *id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1464 (internal citations and quotations omitted).

██ Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *John Doe II*, at 17; *see also Chao*, 587 F.Supp.2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant").

## III. DISCUSSION

██ At this early stage of the litigation, this Court is persuaded that the plaintiff has met its burden of showing that its privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. When a company files an application for a temporary restraining order (TRO) in U.S. District Court specifically to prevent the government from disclosing its identity in ongoing and related administrative proceedings, it would be counterintuitive that a court should require that same company to disclose its identity in the parallel court proceedings. Any later court-imposed barrier against the very reputational damages that the company asserts would result were the TRO not issued would be rendered meaningless if, before the TRO is even adjudicated, the company's identity has been made public. Further, the public's own interest in the identity of the litigants in the few short days while the TRO is being adjudicated is *de minimis* compared to the significant reputational damages a company could suffer if the TRO is later found to be warranted.

In this case, the plaintiff has described the "grave injury to its reputation and business in the [CFPB]'s investigation is disclosed," Pl.'s Mem. at 4, including that "most of [its] employees and agents would immediately begin looking for other employment," *id.* Moreover, given the nature of the plaintiff's business and the fact that the CFPB "is investigating whether Plaintiff's core business ... violates the [CFPB]'s interpretation of federal consumer financial law," the plaintiff is concerned that "[t]his investigation imperils Plaintiff's very existence." *Id.*

As to the non-moving parties' interests, the CFPB has notified the plaintiff it intends to disclose publicly the plaintiff's petition to the Director thereby revealing the plaintiff s identity and posture as being subject to a CFPB investigation, by January 13, 2017. Thus, while the CFPB may ultimately be found to have a legitimate interest in revealing the plaintiff's identity on or after this date, it stands to reason that its interest is negligible in revealing the plaintiff's identity *before* January 13, 2017. In any event, the plaintiff's identity is already known to the CFPB. Thus, there is no prejudice to the CFPB's own institutional interest in knowing the plaintiff's identity, as opposed to any interest it may have in making the targets of its investigations known to the general public.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant interest in maintaining its anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n. of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED,** subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "John Doe Company." The plaintiff shall file under seal the document containing its actual name and address.

**SO ORDERED.**